No. 21-2325

# In the
# United States Court of Appeals
## for the Seventh Circuit

---

SAINT ANTHONY HOSPITAL,

*Plaintiff-Appellant,*

v.

THERESA A. EAGLESON, in her official capacity as Director of the Illinois Department of Healthcare and Family Services,

*Defendant-Appellee,*

and

MERIDIAN HEALTH PLAN OF ILLINOIS, INC., et al.,

*Intervening Defendants-Appellees.*

---

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division, No. 1:20-cv-02561.
The Honorable **Steven Charles Seeger**, Judge Presiding.

## JOINT SUPPLEMENTAL RESPONSE BRIEF OF APPELLEES MANAGED CARE ORGANIZATIONS

STEVEN T. WHITMER
HUGH S. BALSAM
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
(312) 443-0700

*Counsel for Meridian Health Plan of Illinois, Inc.*

KIRSTIN B. IVES
MEGAN A. ZMICK
FALKENBERG IVES LLP
230 West Monroe Street, Suite 2220
Chicago, Illinois 60606
(312) 566-4803

*Counsel for IlliniCare Health Plan*

**(ADDITIONAL COUNSEL LISTED ON INSIDE COVER)**

  COUNSEL PRESS · (866) 703-9373         PRINTED ON RECYCLED PAPER 

| | |
|---|---|
| MARTIN J. BISHOP<br>KEVIN D. TESSIER<br>GRAEME S. SUA<br>REED SMITH LLP<br>10 South Wacker Drive<br>40th Floor<br>Chicago, Illinois 60606<br>(312) 207-1000<br><br>*Counsel for Blue Cross Blue Shield of Illinois, a division of Health Care Service Corporation, a Mutual Legal Reserve Company* | KIMBERLY M. FOXX<br>State's Attorney of Cook County<br>JONATHON D. BYRER<br>SILVIA MERCADO MASTERS<br>Assistant State's Attorneys<br>500 Richard J. Daley Center<br>Chicago, Illinois 60602<br>(312) 603-7795<br><br>*Counsel for Cook County, through its Health & Hospitals System d/b/a Cook County Health* |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

ARGUMENT ........................................................................................................ 1

I. The Panel does not need to rule on any arbitration issues at this stage of the litigation ................................................................................ 1

II. Saint Anthony mischaracterizes the nature of its claim and what it would require the district court to do. ......................................... 3

III. A private right of action under the Medicaid prompt pay statute would potentially subject the MCOs to overlapping and/or conflicting obligations. ............................................................................. 6

CONCLUSION .................................................................................................. 17

# TABLE OF AUTHORITIES

**Cases**                                                                                           **Pages**

*Saint Anthony Hosp. v. Eagleson*,
   40 F.4th 492 (7th Cir. 2022), *judgment vacated sub nom.*
*Eagleson v. St. Anthony Hosp.*,
   143 S. Ct. 2634 (June 20, 2023) ........................................................ 4, 5

**Rules & Statutes**

42 U.S.C. § 1396a(a)(37) ............................................................................... 6

42 U.S.C. § 1396a(a)(37)(A) .......................................................................... 4

42 U.S.C. § 1396u-2(f) ................................................................................... 6

42 U.S.C. § 1983 .................................................................................... 4, 5, 7

42 C.F.R. § 447.4546 ..................................................................................... 6

The four intervening managed care organizations—Meridian Health Plan of Illinois, Inc., IlliniCare Health Plan, Blue Cross and Blue Shield of Illinois (a division of Health Care Service Corporation, a Mutual Legal Reserve Company) and Cook County Health & Hospitals System d/b/a CountyCare Health Plan (collectively, the "MCOs")—submit this Supplemental Appellees' Brief in accordance with the Court's October 16, 2023 and November 13, 2023 orders.  The MCOs concur with the positions and arguments in the brief submitted by Theresa Eagleson, in her official capacity as Director of the Illinois Department of Health and Family Services ("HFS"), but take this opportunity to address several issues raised by Saint Anthony in its Supplemental Appellant's Brief.

## ARGUMENT

**I.   The Panel does not need to rule on any arbitration issues at this stage of the litigation.**

In its order granting the parties leave to file supplemental briefs upon remand from the Supreme Court, the Court noted that "it does not intend to address arbitration issues at this point."  (Case No. 21-2325, Doc. 90.)  The MCOs are mindful of this admonition, as the district

1

court has not yet ruled on this issue, and there is nothing for the Court to review.[1]

Despite the Court's admonition, Saint Anthony's supplemental brief expressly addresses whether the factual predicate of its claims is subject to arbitration. (*See* Case No. 21-2325, Doc. 92, at 22–26 [hereinafter "Suppl. Appellant's Br."].) Saint Anthony argues, for example, that HFS can fashion a remedy for alleged systemic violations of the Medicaid prompt pay statute without having to adjudicate every single claim that it submitted to the MCOs, and "the arbitration agreements found in some (but not all) contracts between providers and MCOs don't come into play." (*Id.* at 23–24.)

These issues, however, are not before the Court, as the district court has not ruled on the merits of the MCOs' motion to compel arbitration. Moreover, the Court can address whether Congress intended to create a private right of action under the Medicaid prompt pay statute without deciding whether the factual predicate of Saint Anthony's claim in this case would be subject to the mandatory

---

[1] The district court terminated the MCOs' Motion to Compel Arbitration without prejudice, pending the outcome of this appeal. (Case No. 1:20-cv-02561, Doc. 185.)

2

arbitration provisions in Saint Anthony's contracts with certain MCOs.[2] HFS's broad point, to which Saint Anthony appears to be responding, is that Congress created a scheme in which any dispute about timeliness of payments would be resolved by an action in contract rather than § 1983 claims filed by providers against HFS. It is immaterial at this stage of the litigation whether the forum for that contract action would be arbitration or a lawsuit filed in court. That being said, the MCOs reserve their rights to seek arbitration and address arbitrability issues at the appropriate juncture.

## II. Saint Anthony mischaracterizes the nature of its claim and what it would require the district court to do.

Saint Anthony repeatedly mischaracterizes the nature of its claims in this case. Saint Anthony argues in its Supplemental Appellant's Brief that "***a remedy*** would not require individual proof of breaches of the Timely Payment Provision." (*Id.* at 22 (emphasis added).) This is just sleight of hand. By focusing solely on remedies, Saint Anthony is attempting to deflect attention away from what it

---

[2] If the Court subsequently determines that it is necessary to address any arbitration issues now, the Court should remand the case for briefing and a ruling by the district court on any motion to compel arbitration.

must prove in order to be entitled to any remedy in the first place. Saint Anthony will have to prove that the MCOs are systemically violating the Medicaid prompt pay statute. The Court has already acknowledged that this is the essential factual predicate for Saint Anthony's claims, stating: "A necessary aspect of Saint Anthony's claim against HFS is showing that the MCOs systematically miss the 30/90 pay schedule." *Saint Anthony Hosp. v. Eagleson*, 40 F.4th 492, 519 (7th Cir. 2022), *judgment vacated sub nom. Eagleson v. St. Anthony Hosp.*, 143 S. Ct. 2634 (June 20, 2023).

The Medicaid prompt pay statute is based on aggregates of claims. The statute dictates that 90% of Medicaid claims must be paid within 30 days and 99% of such claims must be paid within 90 days. *See* 42 U.S.C. § 1396a(a)(37)(A). If Saint Anthony is allowed to proceed with its § 1983 claim, the factfinder in this case ***must*** look at each individual claim and determine whether the MCO paid that claim on time and then add up the aggregate totals to determine whether the MCO complied with the requirements in the Medicaid prompt pay statute. Saint Anthony tacitly admits as much in its Supplemental Appellant's Brief, where it states: "This lawsuit is about HFS's failure to address

systemic problems in the MCO system. Those problems can be identified because ***Saint Anthony can show that it was not paid on a timely basis*** from its records." (Suppl. Appellants Br. 25 (emphasis added).) In other words, "micromanaging claims is precisely what this new right of action would require." (Br. of the Medicaid Health Plans of America as Amicus Curiae Supporting Petitioner at 20, *Eagleson v. Saint Anthony Hosp., Eagleson v. St. Anthony Hosp.*, 143 S. Ct. 2634 (2023) (No. 22-534), 2023 WL 162169 (internal marks omitted) [hereinafter "MHPA Amicus Br."].) Saint Anthony argues that HFS already possesses data regarding whether the MCOs are paying claims on a timely basis. (*See* Suppl. Appellant's Br. 22.) That is beside the point. It does not change what Saint Anthony would need to prove in order to prevail on its § 1983 claim. This inevitably will be a fact-intensive inquiry that requires a deep dive into the adjudication of thousands of individual claims, including whether and when Saint Anthony submitted a "clean claim" to the MCO, which is the event that starts the time period for measuring whether the MCO paid a claim on

5

a timely basis.³ (*See* MHPA Amicus Brief at 5.) That is true even where any remedy is limited to situations where Saint Anthony can prove that there is a "systemic" violation of the Medicaid prompt pay statute.

### III. A private right of action under the Medicaid prompt pay statute would potentially subject the MCOs to overlapping and/or conflicting obligations.

Recognition of a private right of action would subject the MCOs to potentially overlapping, duplicative, or even conflicting obligations or findings because it would allow different tribunals to conduct duplicative discovery, make potentially conflicting findings regarding the same set of facts, and impose potentially conflicting and inconsistent remedies based on those overlapping facts.

It is notable that Saint Anthony has not foresworn any intention to pursue any contractual remedies it has directly against the MCOs. Accordingly, it is possible to envision a scenario where a provider brings a § 1983 claim against HFS alleging some sort of systemic non-payment

---

³ The Medicaid prompt pay statutes and regulations on which Saint Anthony relies concern only the payment of "clean claims," not "all claims." *See, e.g.*, 42 U.S.C. §§ 1396a(a)(37), 1396u-2(f); 42 C.F.R. §§ 447.45–.46.

or late-payment issue with an MCO, and at the same time brings a claim directly against the same MCO under contract law for breach of the provider agreement.  A federal court would then need to examine the individual claims to assess whether a systemic problem exists at the same time as a state court or an arbitrator is examining the same claims to determine if there has been a breach of the provider agreement based on untimely claims payments.

Saint Anthony argues in its Supplemental Appellant's Brief that "no finding in this case that systemic remedies are needed will bind any individual MCO in any separate, individual payment disputes with Saint Anthony." (Suppl. Appellant's Br. 25.)  Saint Anthony cites no authority to support this assertion.  Once again, Saint Anthony is deploying the same familiar sleight of hand where it focuses solely on the remedies for its legal claim and ignores what it must prove in order to be entitled to such remedies.  Even if Saint Anthony has a private right of action under the Medicaid prompt pay statutes to bring a § 1983 claim against HFS, Saint Anthony would not be entitled to any remedies for such a claim unless it can first prove—and the district court finds—that the MCOs are not paying claims on a timely fashion

7

as required by the statute. Recognition of a private right of action would in fact subject the MCOs to potentially overlapping, duplicative or even conflicting obligations or findings.

There is also the likelihood of overlapping and inconsistent remedies. A state court or arbitrator can presumably impose remedies that enforce the terms of the provider agreement and, for a systemic problem, HFS can put an MCO on a corrective plan or order its provider contract canceled. It is unclear what remedy a federal court can fashion beyond that. But such a remedy would necessarily overlap or supplant—and possibly even conflict with—any remedy imposed under the agreement or by HFS.

The MCOs should not be subject to burdensome overlapping and potentially conflicting obligations where the comprehensive contract law-based scheme that Congress devised and imposed is sufficient to ensure that MCOs' obligations are carried out.

## CONCLUSION

The Court should affirm the judgment of the district court.

Dated: December 12, 2023          Respectfully submitted,

| | |
|---|---|
| Meridian Health Plan of Illinois, Inc. | IlliniCare Health Plan |
| By: /s/ *Hugh S. Balsam* <br> One of its Attorneys | By: /s/ *Kirstin B. Ives* <br> One of its Attorneys |
| Steven T. Whitmer (swhitmer@lockelord.com) <br> Hugh S. Balsam (hbalsam@lockelord.com) <br> Locke Lord LLP <br> 111 South Wacker Drive <br> Chicago, Illinois 60606 <br> (312) 443-0700 | Kirstin B. Ives (kbi@falkenbergives.com) <br> Megan A. Zmick (maz@falkenbergives.com) <br> Falkenberg Ives LLP <br> 230 W. Monroe Street, Suite 2220 <br> Chicago, Illinois 60606 <br> (312) 566-4803 |
| Blue Cross and Blue Shield of Illinois, a division of Health Care Service Corporation, a Mutual Legal Reserve Company | Cook County, through its Health & Hospitals System d/b/a Cook County Health |
| By: /s/ *Kevin D. Tessier* <br> One of its Attorneys | By: /s/ *Silvia Mercado Masters* <br> One of its Attorneys |
| Martin J. Bishop, Esq. (mbishop@reedsmith.com) <br> Kevin D. Tessier, Esq. (ktessier@reedsmith.com) <br> Graeme S. Sua (gsua@reedsmith.com) <br> Reed Smith LLP <br> 10 South Wacker Drive, 40th Floor <br> Chicago, Illinois 60606 <br> (312) 207-1000 | Kimberly M. Foxx <br> State's Attorney of Cook County <br> Jonathon D. Byrer <br> Silvia Mercado Masters <br> Assistant State's Attorneys <br> (silvia.mercadomasters@cookcountysao.org) <br> 500 Richard J. Daley Center <br> Chicago, Illinois 60602 <br> (312) 603-7795 |

9